UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Damon Delcore and Kimberly Thorpe, Individually
and as Co-Administrators of the Estate of
Elizabeth Delcore,
Plaintiffs

v. C.A No.: 08-45T

North American Family Institute, Inc.,
Defendant

**PLAINTIFFS' LR Cv 16(c) STATEMENT OF CLAIMS**

Pursuant to Fed. R. Civ. P. 16, LR Cv. 16(c), and the Court's Notice dated March 7, 2008, plaintiffs hereby submit their statement of claims in advance of the initial scheduling conference scheduled for May 1, 2008. Plaintiff reserves the right to modify, amend and/or augment the within statement at any time during the course of these proceedings.

## I. NATURE OF THE CASE

This is an action that arises from the death of Elizabeth Delcore ("Elizabeth"), a minor, while she was a resident at the defendant's facility in Providence, RI. The plaintiffs claim that the defendant, its employees, agents, servants and those for whose conduct it is responsible, including two registered nurses and a staff worker who were employed by the defendant, were negligent in failing to timely and appropriately care for, assess, monitor, follow-up, evaluate, treat, diagnose and/or respond to Elizabeth's symptoms while she was a resident on December 14, 2006 and December 15, 2006 resulting in her death. The plaintiffs seek damages under R.I. Gen. Laws §§ 10-7-1 et seq., including §10-7-1.1.

## II. FACTS

The following is a brief summary of the facts known to date in this case and are based on the records concerning Elizabeth from the defendant, the emergency department records from Miriam Hospital and the autopsy report:

On the morning of December 14, 2006, Elizabeth awoke, felt sick and was placed on 'sick protocol' after vomiting multiple times. A registered nurse noted at 8:00 a.m. that Elizabeth was pale, complained of headache, and stated that she had vomited three times since 5:30 a.m. Elizabeth was medicated with Tylenol 1000 mg, given Pepto Bismol, and slept all day. At 12:30 p.m., Elizabeth was seen again by an R.N. for vomiting, headache, and nausea. Elizabeth was again medicated with Tylenol and Pepto Bismol with a plan to reassess in p.m.

During the 3:00 to 11:00 p.m. shift, Elizabeth continued to be physically ill. She slept all shift waking only for meds and hygiene, then returning to bed. A nursing progress note indicates that at 4:00 p.m. Elizabeth, who was still in her room, reported that she had a "terrible headache." She was medicated with Tylenol 1000 mg and again appeared pale and in general malaise. She remained on sick protocol. At 6:00 p.m., nursing progress notes indicate that Elizabeth was seen again and reassessed by a nurse "secondary to flu like symptoms". Elizabeth's headache continued, as did her vertigo and malaise. Neither the nurses nor anyone else at the defendant's facility consulted a physician or sought any medical consultation, evaluation or examination of Elizabeth.

Elizabeth was last seen by a nurse at 8:00 p.m., who reported that Elizabeth was crying at times and still complaining of headache. She had a temperature of 97.6 and vomited her evening meds with Tylenol. She vomited in the bed on her linens. When trying to get down from the top bunk, Elizabeth, apparently due to vertigo, almost fell. Elizabeth's mattress was placed on the floor to prevent possible injury during the night. Elizabeth received no other nursing or medical

care, assistance, examination or evaluation during the night, notwithstanding that non-medical house staff noted that Elizabeth moaned and groaned on and off from 12:00 a.m. to 4:00 a.m. and that she was very restless.

On the morning of December 15, 2006, At 6:45 a.m., Elizabeth was found unresponsive on the floor in cardiac arrest. The Providence Fire Department responded to an emergency call, performed CPR and transported Elizabeth to Miriam Hospital, where she was pronounced. An autopsy was performed by the Rhode Island Medical Examiner's office. The cause of death was reported to be encephalitis.

## III. EXPECTED LEGAL ISSUES

This case was removed by the defendant from the Superior Court of Providence County based on diversity of citizenship. The plaintiffs, however, intend to move to add as defendants the nurses employed by the defendant who cared for and treated Elizabeth on the dates in question, as well as the staff workers who were responsible for Elizabeth on these dates. As explained below, after several requests, on April 30, 2008, defendant's counsel disclosed the identities of these individuals and confirmed that they are residents of Rhode Island. As such and pursuant to 28 U.S.C. §1447(e), the plaintiffs will seek to remand this case as the expected addition of a non-diverse defendant will destroy diversity in this case.

The records of the defendant concerning the care and treatment Elizabeth received prior to the filing of this case include only handwritten notes for the dates in question and the names of the individuals are either incomplete or illegible in those notes. As a result, when the plaintiffs filed the Complaint in State Court, they also served discovery requests seeking the identity of these individuals who treated and cared for Elizabeth during the time in question with the intention of amending the Complaint to add these individuals. After the case was removed by

the defendants and prior to this conference, the plaintiffs advised the defendant of their intention to name these individuals as defendants and to seek a remand of this case. At that time, the plaintiffs, through their counsel, requested that the defendant identify these individuals to avoid unnecessary litigation and costs. The defendant initially declined to identify the names of these individuals. On April 30, 2008, the defendant, through their counsel, disclosed the identities of the individuals and confirmed that they are residents of Rhode Island and that they were employees of the defendant.

If this case should proceed in this Court, other than the issue discussed above and evidentiary and discovery issues that may arise in the course of a negligence and/or medical negligence action, the plaintiffs do not anticipate unusual legal issues at this time.

## IV. ELEMENTS OF CLAIM

Plaintiffs' cause of action is for negligence, including but not limited to medical negligence, the elements of which under Rhode Island law are:

1. the existence of a legal duty owed by the defendant to the plaintiff;
2. a breach of the duty owed;
3. that the breach was a proximate cause of plaintiff's injury; and
4. the plaintiff suffered actual loss or damage as the result of defendant's breach.

Splendorio v. Bilray Demolition Co., Inc., 682 A.2d 461 (R.I. 1996); Liu v. Striuli, 36 F.Supp. 2d 452 (D.R.I. 1999); Perry v. Alessi, M.D., 890 A.2d 463 (R.I. 2006)

Respectfully submitted,
Damon Delcore and Kimberly Thorpe,
Individually and as Co-Administrators
Of the Estate of Elizabeth Delcore,
By their attorneys,

__/s/ Patrick T. Jones_______________
Patrick T. Jones, Esquire #6636
COOLEY MANION JONES LLP
One Center Place
Providence, RI 02903
(401) 273-0800

-and-

__/s/ Angelo Marocco_______________
Angelo Marocco, Esquire #1766
1200 Reservoir Avenue
Cranston, RI 02920
401-946-3030

Dated: April 30, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within Plaintiffs' LR Cv 16 (c) Statement of Claims was electronically filed on this 30th day of April, 2008.

/s/ Patrick T. Jones