UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Damon Delcore and Kimberly Thorpe, Individually
and as Co-Administrators of the Estate of
Elizabeth Delcore,
Plaintiffs

v. C.A No.: 08-45T

North American Family Institute, Inc.,
Defendant

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT AND REMAND CASE TO PROVIDENCE SUPERIOR COURT**

Plaintiffs submit this memorandum of law in support of their motion to amend the Complaint and remand this case to the Providence County Superior Court. For the reasons stated below and pursuant to Rules 15 of the Federal Rules of Civil Procedure, the plaintiffs request that the Court permit them to amend their Complaint[1] to add individual defendant nurses, Marisa Singleton, RN and Candace Greene, RN, and a staff worker, Rachel Marfeo, each of whom negligently treated and cared for the decedent Elizabeth Delcore on December 14, 2006 and December 15, 2006 at the defendant's facility.[2] Further, for the reasons stated below, the plaintiffs hereby request, pursuant to 28 U.S.C. §1447(e), that the Court remand this case to the Providence County Superior Court because the addition of these individuals, at least two of whom are residents of Rhode Island, destroys complete diversity of citizenship and, as a result, this Court no longer has subject matter jurisdiction in this case.

---

[1] The proposed Amended Complaint is attached hereto at Exhibit A.

[2] Because discovery has not yet begun, the plaintiffs have not been able to confirm whether there were other nurses or staff workers who provided negligent care to Elizabeth during the time in question. The individuals identified herein have been disclosed by the defendant as the individuals whose names appear in the records for Elizabeth on the dates in question as having treated and/or cared for her at that time.

## I. BACKGROUND FACTS

This is an action that arises from the death of Elizabeth Delcore ("Elizabeth"), a minor, while she was a resident at the defendant's facility in Providence, RI. The plaintiffs claim that the defendant, its employees, agents, servants and those for whose conduct it is responsible, including two registered nurses and a staff worker, were negligent in failing to timely and appropriately care for, assess, monitor, follow-up, evaluate, treat, diagnose and/or respond to Elizabeth's symptoms while she was a resident on December 14, 2006 and December 15, 2006 resulting in her death. The plaintiffs seek damages under R.I. Gen. Laws §§ 10-7-1 et seq., including §10-7-1.1.

## II. PROCEDURAL HISTORY

On or about December 10, 2007, the plaintiffs filed a complaint in the Providence Superior Court against North American Family Institute. The plaintiffs could not identify the individuals at the defendant who treated Elizabeth Delcore during the time in question because the names of these individuals in the defendant's records were illegible or incomplete as they were handwritten. At the time that the plaintiffs served their Complaint, they also served written discovery requests in which they sought the identity of these individuals, as they intended to add them as defendants after they determined their identities. [3]

---

[3] The requests included the following:

"**REQUEST NO. 17:**

A complete copy of the personnel files for all individuals, including but limited to, nurses, nurses aides, and staff members responsible for the care, treatment and/or supervision of Elizabeth Delcore from December 12, 2006 through December 16, 2006 at NAFI, 350 Duncan Drive, Providence, RI.

**REQUEST NO. 29:**

Any and all documents referring to any incident report or statement by any person, nurse, nurses aide, supervisor, and/or other individuals, who was present and witnessed and/or participated in care, treatment and/or supervision rendered to Elizabeth Delcore in December 2006."

On February 8, 2008, the defendant removed this case based on diversity of citizenship. In its removal papers, the defendant noted that the plaintiffs are residents of Rhode Island and it alleged that it is a Massachusetts corporation with a principal place of business in Danvers, MA.

Immediately after the defendant removed this case, the plaintiffs requested the identities of the individual nurses and staff workers who cared for Elizabeth on December 14, 2006 and December 15, 2006, and indicated their intention to seek to add them as parties defendant to the case. Copies of letters dated February 11, 2008 and February 25, 2008 from Patrick Jones, counsel for the plaintiffs, to defendant's counsel are attached hereto at Exhibit B.

The defendant declined to provide the identities of the individual defendants until the day before the Rule 16 conference, April 30, 2008. At that time, the defendant, through its counsel, provided the identities of these individuals and confirmed that each are residents of Rhode Island. Those individuals were identified as Marisa Singleton, RN of Exeter, RI, and Candace Greene, RN of Warwick, RI.[4] Copies of letters dated February 29, 2008 and April 30, 2008 from defendant's counsel to the plaintiffs' counsel are attached hereto at Exhibit C.

This motion to amend to add the individual defendant nurses and staff is filed **within one week** of the defendant's disclosure of the identities of these individuals.

## III. PLAINTIFFS ARE ENTITLED TO AMEND THEIR COMPLAINT TO ADD THE INDIVIDUALS WHO NEGLIGENTLY TREATED ELIZABETH DELCORE OR WERE RESPONSIBLE FOR HER CARE ON DECEMBER 14, 2006 AND DECEMBER 15, 2006.

When presented with a motion to amend pursuant to Fed.R.Civ.P. Rule 15, "the Court should freely give leave when justice so requires." In interpreting this rule, courts have held that motions to amend should be permitted unless there is "undue delay, bad faith or dilatory motive

[4] In subsequent telephone conversations between counsel, defendant's counsel also identified Rachel Marfeo as a staff worker who was responsible for Elizabeth's care on December 14, 2006 and December 15, 2006. Upon information and belief, Ms. Marfeo is a resident of North Scituate, Rhode Island.

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." See Petrarca v. Southern Union Co., 2007 WL 1074747 (D.R.I. 2007), citing Foman v. Davis, 371 U.S. 178, 183 (1962).

Here, there is no undue delay, bad faith or dilatory motive, and no prejudice to the defendant. As explained above, from the beginning of this litigation, the defendant was on notice that the plaintiffs sought the identity of the individuals who appeared in the defendant's records of treatment of Elizabeth. The plaintiffs filed this motion immediately after obtaining the identities and addresses of the individual nurses and staff worker. In addition, discovery in has not yet begun as the Rule 16 Conference took place less than one week ago on May 1, 2008.

The plaintiffs' motion to amend their Complaint should be allowed.

## IV. PRESUMING PLAINTIFFS' MOTION TO AMEND IS ALLOWED, THIS CASE SHOULD BE REMANDED TO STATE COURT

28 U.S.C. §1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." When a plaintiff seeks to join a nondiverse defendant after removal and if the defendant is indispensable, the district court's choices are limited to denying joinder and dismissing the action pursuant to Fed. R. Civ. P. 19, or else allowing joinder and remanding the case to the state court pursuant to §1447(e). See Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 675 (1st Cir. 1994), *rehearing en banc* denied.

This action should be remanded. "A court's decision under § 1447(e) does not depend on whether the nondiverse defendant is classified as an indispensable or dispensable party as defined by Fed.R.Civ.P. 19. Indeed, "virtually every court confronted with this issue has

unanimously agreed that the statute compels a court to focus on whether joinder would be 'equitable' instead of being based on whether a party is indispensable." Kelley v. Vermont Mutual Insurance Company, 407 F.Supp.2d 301, 305 (D.Mass. 2005) (citations omitted) (allowing motion to amend and to remand after removal based on finding that plaintiff did not delay motion or engage in dilatory tactics, there was no prejudice to the defendant, and the plaintiff would be prejudiced by having to prosecute two separate actions). Where joinder would destroy diversity and force a remand, the Court must consider equitable factors "to balance the defendant's interest in maintaining the federal forum with the competing interests in not having parallel lawsuits." Id. "The primary focus is whether 'permitting joinder [under 1447(e)] will comport with principles of fundamental fairness.' In making such a determination, the court will generally consider the following four factors: (1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." Id.

As explained above, there has been no delay by the plaintiffs in seeking to amend their Complaint and there is no prejudice to the defendant. In addition, if the individual nurses and staff workers are not added to this case, the plaintiffs will be forced to file a separate action in state court against these individuals, resulting in unnecessary, duplicative litigation, potentially disparate results based on the identical nexus of facts, and increased costs.

Most importantly, the plaintiffs seek to add the individual nurses and staff workers because they are indispensable parties. These individuals were directly responsible for the care and treatment rendered to Elizabeth Delcore on the dates in question. These individuals were responsible for supervising, treating, and/or caring for Elizabeth and, according to the allegations in this case, they each were negligent in failing to properly assess and respond to Elizabeth's

condition. As a result, in order to obtain complete relief in this case, these individuals should be included in this matter.[5]

## V. CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that this Court allow their motion to amend their complaint to add the individual defendants identified in this memorandum and remand this case to the Providence County Superior Court because the addition of these defendants destroys diversity of citizenship.

Respectfully submitted,
Damon Delcore and Kimberly Thorpe,
Individually and as Co-Administrators
Of the Estate of Elizabeth Delcore,
By their attorneys,

/s/ Patrick T. Jones

Patrick T. Jones, Esquire #6636
Richard W. Paterniti, *pro hac vice*
COOLEY MANION JONES LLP
One Center Place
Providence, RI 02903
(401) 273-0800

-and-

/s/ Angelo Marocco

Angelo Marocco, Esquire #1766
1200 Reservoir Avenue
Cranston, RI 02920
401-946-3030

Dated: May 7, 2008

[5] To the extent that the Court applies Massachusetts law, as the defendant contends that it had a principal place of business in Massachusetts, and if the Court somehow determines that the Massachusetts Charitable Immunity Statute should apply, as the defendant may be a non-profit corporation, the individual defendant nurses and staff worker are indispensable parties to this case. Under the Massachusetts Charitable Immunity Statute, M.G.L. c. 231, §85K, recovery against a charitable corporation is limited to $20,000. However, under this statute, individual employees are not entitled to the protection of M.G.L. c. 231, §85K. See Mullins v. Pine Manor, 389 Mass. 47 (1983). Therefore, the individual nurses and staff workers must be included in the case to protect the plaintiffs' interest in obtaining complete relief, to ensure that the plaintiffs have an adequate remedy, and to prevent a judgment which may prejudice the plaintiffs.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within Memorandum of Law in Support of Plaintiffs' Motion to Amend Complaint and Remand Case to Providence Superior Court was electronically filed on this 7th day of May, 2008.

___/s/ Patrick T. Jones_______________

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Damon Delcore and Kimberly Thorpe, Individually and as Co-Administrators of the Estate of Elizabeth Delcore,
Plaintiffs

v.

C.A No.: 08-45T

North American Family Institute, Inc., Marisa Singleton, R.N., Candace Greene, R.N., and Rachel Marfeo,
Defendant

**AMENDED COMPLAINT**

**PARTIES AND JURISDICTION**

1. Plaintiffs Damon Delcore and Kimberly Thorpe, parents of Elizabeth Delcore, are citizens and residents of Rhode Island. Plaintiffs bring this action Individually as the father and mother of the late Elizabeth Delcore and as Co-Administrators of the Estate of Elizabeth Delcore. Plaintiffs were appointed Co-Administrators by the Warwick Probate Court on June 28, 2007.

2. Defendant North American Family Institute, Inc. (hereinafter "NAFI"), which has its principal place of business in Danvers, Massachusetts, is registered to do and is doing business in the State of Rhode Island in, without limitation, the city of Providence, County of Providence, Rhode Island. At all times relevant to this Complaint, NAFI owned, operated, managed, maintained, and/or controlled a residential facility for adolescents in Providence, Rhode Island.

3. Defendant Marisa Singleton, R.N. is a resident of Exeter, County of Washington, Rhode Island. Upon information and belief, Defendant Singleton was an agent, servant and/or employee of Defendant NAFI at all relevant times hereto.

4. Defendant Candace Greene, R.N., is a resident of Warwick, County of Kent, Rhode Island. Upon information and belief, Defendant Greene was an agent, servant and/or employee of Defendant NAFI at all relevant times hereto.

5. Upon information and belief, Defendant Rachel Marfeo is a resident of North Scituate, County of Providence, Rhode Island. Upon information and belief, Defendant Marfeo was an agent, servant and/or employee of Defendant NAFI at all relevant times hereto.

6. The events complained of in this action occurred in the City of Providence, County of Providence, Rhode Island.

**COUNT I**
**{NAFI – WRONGFUL DEATH}**

7. Plaintiffs repeat and incorporate by reference Paragraphs 1 through 6 as if set forth fully at length herein.

8. In and prior to 2007, Defendant, NAFI, by and through its agents, servants, employees, and/or those for whose conduct it is responsible, undertook for valuable consideration to treat and care for Plaintiff's decedent Elizabeth Delcore, a minor.

9. Defendant NAFI, by and through its agents, servants, employees, and/or those for whose conduct it is responsible, negligently and carelessly failed to timely render appropriate care and treatment to Elizabeth Delcore.

10. As a direct and proximate result of the negligence of NAFI, its agents, servants, employees and/or those for whose conduct it is responsible, plaintiff's decedent suffered severe personal injuries and died on December 15, 2006.

11. By reason of the death of Elizabeth Delcore, her Estate and her beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§ 10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

12. By reason of the injury and death of Elizabeth Delcore, Plaintiff Damon Delcore has suffered the loss of society and companionship of his daughter.

13. By reason of the injury and death of Elizabeth Delcore, Plaintiff Kimberly Thorpe has suffered the loss of society and companionship of her daughter.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, as Co-Administrators of the Estate of Elizabeth Delcore, demand judgment against Defendant North American Family Institute, Inc. in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, individually, demand judgment against Defendant North American Family Institute, Inc. in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT II**
**{MARISA SINGLETON, R.N. – WRONGFUL DEATH}**

14. Plaintiffs repeat and incorporate by reference Paragraphs 1 through 13 as if set forth fully at length herein.

15. In and prior to 2007, Defendant, Marisa Singleton, R.N., undertook for valuable consideration to treat and care for Plaintiff's decedent Elizabeth Delcore, a minor.

16. Defendant Marisa Singleton, R.N. negligently and carelessly failed to timely render appropriate care and treatment to Elizabeth Delcore.

17. As a direct and proximate result of the negligence of Defendant, Marisa Singleton, R.N., plaintiff's decedent suffered severe personal injuries and died on December 15, 2006.

18. By reason of the death of Elizabeth Delcore, her Estate and her beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§ 10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

19. By reason of the injury and death of Elizabeth Delcore, Plaintiff Damon Delcore has suffered the loss of society and companionship of his daughter.

20. By reason of the injury and death of Elizabeth Delcore, Plaintiff Kimberly Thorpe has suffered the loss of society and companionship of her daughter.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, as Co-Administrators of the Estate of Elizabeth Delcore, demand judgment against Defendant Marisa Singleton, R.N. in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, individually, demand judgment against Defendant Marisa Singleton, R.N. in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT III**
**{CANDACE GREENE, R.N. – WRONGFUL DEATH}**

21. Plaintiffs repeat and incorporate by reference Paragraphs 1 through 20 as if set forth fully at length herein.

22. In and prior to 2007, Defendant, Candace Greene, R.N., undertook for valuable consideration to treat and care for Plaintiff's decedent Elizabeth Delcore, a minor.

23. Defendant Candace Greene, R.N., negligently and carelessly failed to timely render appropriate care and treatment to Elizabeth Delcore.

24. As a direct and proximate result of the negligence of Candace Greene, R.N., plaintiff's decedent suffered severe personal injuries and died on December 15, 2006.

25. By reason of the death of Elizabeth Delcore, her Estate and her beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§ 10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

26. By reason of the injury and death of Elizabeth Delcore, Plaintiff Damon Delcore has suffered the loss of society and companionship of his daughter.

27. By reason of the injury and death of Elizabeth Delcore, Plaintiff Kimberly Thorpe has suffered the loss of society and companionship of her daughter.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, as Co-Administrators of the Estate of Elizabeth Delcore, demand judgment against Defendant Candace Greene, R.N. in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, individually, demand judgment against Defendant Candace Greene, R.N. in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT IV**
**{RACHEL MARFEO – WRONGFUL DEATH}**

28. Plaintiffs repeat and incorporate by reference Paragraphs 1 through 27 as if set forth fully at length herein.

29. In and prior to 2007, Defendant, Rachel Marfeo, undertook for valuable consideration to treat, supervise, and care for Plaintiff's decedent Elizabeth Delcore, a minor.

30. Defendant Rachel Marfeo, negligently and carelessly failed to timely render appropriate care and treatment to Elizabeth Delcore.

31. As a direct and proximate result of the negligence of Rachel Marfeo, plaintiff's decedent suffered severe personal injuries and died on December 15, 2006.

32. By reason of the death of Elizabeth Delcore, her Estate and her beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§ 10-7-1 et seq., including §10-7-1.1, and were otherwise damaged.

33. By reason of the injury and death of Elizabeth Delcore, Plaintiff Damon Delcore has suffered the loss of society and companionship of his daughter.

34. By reason of the injury and death of Elizabeth Delcore, Plaintiff Kimberly Thorpe has suffered the loss of society and companionship of her daughter.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, as Co-Administrators of the Estate of Elizabeth Delcore, demand judgment against Defendant Rachel Marfeo in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, individually, demand judgment against Defendant Rachel Marfeo in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT V**
**{NAFI – CONSCIOUS PAIN AND SUFFERING}**

35. Plaintiffs repeat and incorporate by reference Paragraphs 1 through 34 as if set forth fully at length herein.

36. By reason of the foregoing, Plaintiff's decedent suffered severe injuries to her mind and body, nerves and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §§10-7-7, and was otherwise damaged.

37. By reason of the foregoing, Plaintiff's decedent and/or her Estate have incurred hospital, medical and other expenses and have suffered a loss of earnings and earnings capacity, all of which is remunerable under R.I. Gen. Laws §§10-7-5 and was otherwise damaged.

38. By reason of the death of Elizabeth Delcore, her Estate and beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§10-7-5, et seq.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, as Co-Administrators of the Estate of Elizabeth Delcore, demand judgment against North American Family Institute, Inc. in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT VI**
**{MARISA SINGLETON, R.N. – CONSCIOUS PAIN AND SUFFERING}**

39. Plaintiffs repeat and incorporate by reference Paragraphs 1 through 38 as if set forth fully at length herein.

40. By reason of the foregoing, Plaintiff's decedent suffered severe injuries to her mind and body, nerves and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §§10-7-7, and was otherwise damaged.

41. By reason of the foregoing, Plaintiff's decedent and/or her Estate have incurred hospital, medical and other expenses and have suffered a loss of earnings and earnings capacity, all of which is remunerable under R.I. Gen. Laws §§10-7-5 and was otherwise damaged.

42. By reason of the death of Elizabeth Delcore, her Estate and beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§10-7-5, et seq.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, as Co-Administrators of the Estate of Elizabeth Delcore, demand judgment against Marisa Singleton, R.N. in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT VII**
**{CANDACE GREENE, R.N. – CONSCIOUS PAIN AND SUFFERING}**

43. Plaintiffs repeat and incorporate by reference Paragraphs 1 through 42 as if set forth fully at length herein.

44. By reason of the foregoing, Plaintiff's decedent suffered severe injuries to her mind and body, nerves and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §§10-7-7, and was otherwise damaged.

45. By reason of the foregoing, Plaintiff's decedent and/or her Estate have incurred hospital, medical and other expenses and have suffered a loss of earnings and earnings capacity, all of which is remunerable under R.I. Gen. Laws §§10-7-5 and was otherwise damaged.

46. By reason of the death of Elizabeth Delcore, her Estate and beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§10-7-5, et seq.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, as Co-Administrators of the Estate of Elizabeth Delcore, demand judgment against Candace Greene, R.N. in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT VIII**
**{RACHEL MARFEO – CONSCIOUS PAIN AND SUFFERING}**

47. Plaintiffs repeat and incorporate by reference Paragraphs 1 through 46 as if set forth fully at length herein.

48. By reason of the foregoing, Plaintiff's decedent suffered severe injuries to her mind and body, nerves and nervous system, endured extreme pain and suffering, all of which damages are remunerable under R.I. Gen. Laws §§10-7-7, and was otherwise damaged.

49. By reason of the foregoing, Plaintiff's decedent and/or her Estate have incurred hospital, medical and other expenses and have suffered a loss of earnings and earnings capacity, all of which is remunerable under R.I. Gen. Laws §§10-7-5 and was otherwise damaged.

50. By reason of the death of Elizabeth Delcore, her Estate and beneficiaries have suffered damages as set forth in R.I. Gen. Laws §§10-7-5, et seq.

WHEREFORE, Plaintiffs Damon Delcore and Kimberly Thorpe, as Co-Administrators of the Estate of Elizabeth Delcore, demand judgment against Rachel Marfeo in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

***PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY AS TO ALL ISSUES RAISED BY THIS COMPLAINT.***

Damon Delcore and Kimberly Thorpe,
Individually and as Co-Administrators
Of the Estate of Elizabeth Delcore,
By their attorneys,

______________________________

Patrick T. Jones, Esquire #6636
COOLEY MANION JONES LLP
One Center Place
Providence, RI 02903
(401) 273-0800

-and-

______________________________

Angelo Marocco, Esquire #1766
1200 Reservoir Avenue
Cranston, RI 02920
401-946-3030

Dated: ________________

# EXHIBIT B

# COOLEY MANION JONES LLP

COUNSELLORS AT LAW
21 CUSTOM HOUSE STREET
BOSTON, MASSACHUSETTS 02110-3536
(617) 737-3100
FACSIMILE (617) 737-3113
WWW.CMJLAW.COM

JON S. BAROOSHIAN
ELLEN M. BATES■
MICHAEL R. BROWN■
JOSEPH F. COMENZO*
EARLE C. COOLEY
DONNA R. CORCORAN
CHRISTOPHER J. CUNIO
ROBERT A. DELELLO°
ERIKA J. DOHERTY●○□
SCOTT P. FINK
JENNIFER B. FUREY
MARTIN F. GAYNOR III
BRIAN D. GROSS*°
BRIAN M. HANEY
JOHN T. HUGO*
JESSICA S. JACKSON~
TRACY A. R. JOLLY
PATRICK T. JONES*°
TIMOTHY C. KELLEHER III
SARAH M. KNOFF
RALPH R. LIGUORI*
JAMIE M. MAGNANI○†
HARRY L. MANION III
JOHN B. MANNING*
JAIMIE A. MCKEAN
KEITH M. MCLEAN
RICHARD W. PATERNITI
KERRI LYNNE RANDALL
CHRISTOPHER M. SHEEHAN
LISA M. SNYDER
NICHOLAS D. STELLAKIS
JONATHAN F. TABASKY*†
PATRICK S. TRACEY♦
JOSHUA L. WEEMS~

PAUL F. BECKWITH
LEONARD T. EVERS
ARTHUR GRIMALDO II~
FRANK A. MARINELLI*
JOHN F. MORAN
PETER J. SCHNEIDER*°
MELODY M. WILKINSON~
OF COUNSEL

RHODE ISLAND OFFICE
ONE CENTER PLACE
PROVIDENCE, RHODE ISLAND 02903
PHONE (401) 273-0800
FAX (401) 273-0801

TEXAS OFFICE
100 EAST FIFTEENTH STREET, SUITE 320
FORT WORTH, TEXAS 76102
PHONE (817) 870-1996

~ADMITTED IN TEXAS ONLY
*ALSO ADMITTED IN RHODE ISLAND
†ALSO ADMITTED IN CONNECTICUT
°ALSO ADMITTED IN NEW HAMPSHIRE
♦ALSO ADMITTED IN ARIZONA
○ALSO ADMITTED IN NEW JERSEY
●ALSO ADMITTED IN PENNSYLVANIA
■ALSO ADMITTED IN NEW YORK
□ALSO ADMITTED IN MAINE


February 11, 2008

**VIA OVERNIGHT DELIVERY**

Kevin J. Holley, Esquire
Gunning & Lafazia, Inc.
56 Pine Street
Providence, RI 02903

RE: **<u>Estate of Elizabeth Delcore v. North American Family Institute, Inc.</u>**
**Providence Superior Court, C.A. No.: PC07-6618**

Dear Kevin:

I enclose relevant medical and residential records for Elizabeth Delcore ("Elizabeth"), including records from NAFI, the emergency department at Miriam Hospital and the autopsy report. Please note that these records are provided to expedite discovery issues. My clients do not waive any applicable privileges or objections to the admissibility of certain records enclosed, including but not limited to those records which reference any psychiatric conditions.

Included in the enclosed records are handwritten notes which are relevant to my clients' allegations regarding the care and treatment rendered to Elizabeth on December 14, 2006 and December 15, 2006 by NAFI and its employees. With these records, I forward along my request that you provide the names of those individuals who cared for and/or treated Elizabeth on these dates and whose names are highlighted in yellow in the attached documents. We plan to name these individuals as defendants in this case.

As you requested, I also forward along a general description of my clients' theory of liability in this case. Subject to amendment as discovery has not yet begun and without waiving additional theories of liability, my client asserts that NAFI, its employees, and/or those for whose

Kevin J. Holley, Esquire
February 11, 2008
Page Two

conduct it was responsible were negligent in failing to timely and appropriately care for, assess, monitor, follow-up, evaluate, treat, diagnose and/or respond to Elizabeth's symptoms while she was a resident on December 14, 2006 and December 15, 2006. Specifically, based on the ongoing symptoms from which Elizabeth suffered on those dates as well as her lack of response to Tylenol, Elizabeth should have been seen by a physician and/or transferred to a hospital within hours of her initial complaints. Had such care and treatment been provided in a timely manner, Elizabeth would have received appropriate care and treatment and would not have died.

As we also discussed, please disclose any and all available primary and excess insurance coverage for NAFI applicable to this case.

Thank you in advance for your courtesy in this matter.

Very truly yours,

Pat Jones

Patrick T. Jones

PTJ/jkc
enclosures

JON S. BAROOSHIAN
ELLEN M. BATES■
MICHAEL R. BROWN■
JOSEPH F. COMENZO*
EARLE C. COOLEY
DONNA R. CORCORAN
CHRISTOPHER J. CUNIO
ROBERT A. DELELLO°
ERIKA J. DOHERTY●○□
SCOTT P. FINK
JENNIFER B. FUREY
MARTIN F. GAYNOR III
BRIAN D. GROSS*°
BRIAN M. HANEY
JOHN T. HUGO*
JESSICA S. JACKSON~
TRACY A. R. JOLLY
PATRICK T. JONES*°
TIMOTHY C. KELLEHER III
SARAH M. KNOFF
RALPH R. LIGUORI*
JAMIE M. MAGNANI○†
HARRY L. MANION III
JOHN B. MANNING*
JAIMIE A. MCKEAN
KEITH M. MCLEAN
RICHARD W. PATERNITI
KERRI LYNNE RANDALL
CHRISTOPHER M. SHEEHAN
LISA M. SNYDER
NICHOLAS D. STELLAKIS
JONATHAN F. TABASKY*†
PATRICK S. TRACEY♦
JOSHUA L. WEEMS~

COOLEY MANION JONES LLP

COUNSELLORS AT LAW
21 CUSTOM HOUSE STREET
BOSTON, MASSACHUSETTS 02110-3536
(617) 737-3100
FACSIMILE (617) 737-3113
WWW.CMJLAW.COM

PAUL F. BECKWITH
LEONARD T. EVERS
ARTHUR GRIMALDO II~
FRANK A. MARINELLI*
JOHN F. MORAN
PETER J. SCHNEIDER*°
MELODY M. WILKINSON~
OF COUNSEL

RHODE ISLAND OFFICE
ONE CENTER PLACE
PROVIDENCE, RHODE ISLAND 02903
PHONE (401) 273-0800
FAX (401) 273-0801

TEXAS OFFICE
100 EAST FIFTEENTH STREET, SUITE 320
FORT WORTH, TEXAS 76102
PHONE (817) 870-1996

~ADMITTED IN TEXAS ONLY
*ALSO ADMITTED IN RHODE ISLAND
†ALSO ADMITTED IN CONNECTICUT
°ALSO ADMITTED IN NEW HAMPSHIRE
♦ALSO ADMITTED IN ARIZONA
○ALSO ADMITTED IN NEW JERSEY
●ALSO ADMITTED IN PENNSYLVANIA
■ALSO ADMITTED IN NEW YORK
□ALSO ADMITTED IN MAINE

February 25, 2008

Kevin J. Holley, Esquire
Gunning & Lafazia, Inc.
56 Pine Street
Providence, RI 02903

**RE: Estate of Elizabeth Delcore v. North American Family Institute, Inc.**
**Providence Superior Court, C.A. No.: PC07-6618**

Dear Attorney Holley:

Based on your conversation with Richard Paterniti from my office from last week, I understand that you do not know when you will be able to provide us with a response to my letter of February 11, 2008. In that letter, we requested that you provide us with the names and addresses of those individuals who treated and/or cared for Elizabeth Delcore on December 14, 2006 and December 15, 2006 at North American Family Institute. As explained, the names of these individuals are illegible in the records from NAFI and these names and their addresses will have to be disclosed eventually in your client's initial disclosures.

As we have also explained, we intend to amend the complaint to name these individuals who, upon information and belief, are residents of Rhode Island. We also intend to seek a remand of the case after these individuals are joined as there will no longer be diversity jurisdiction. To avoid unnecessary litigation in federal court, we request that you provide us with these individuals' names and their addresses. We also request that your client consent to a motion to join these individuals as defendants and to a remand of the case to state court.

Would you please advise me this week as to your client's response to these requests.

Very truly yours,

Pat Jones
Patrick T. Jones

PTJ/jkc

# EXHIBIT C

GUNNING & LAFAZIA, INC.

ATTORNEYS AT LAW

56 PINE STREET
PROVIDENCE, RI 02903
Tel: 401-521-6900
Fax: 401-521-6901

Writer's Direct Dial 401-521-2622
E-mail: kholley@gunninglafazia.com

February 29, 2008

Via Facsimile – one page
617-737-3113

Patrick T. Jones, Esq.
COOLEY MANION JONES LLP
One Center Place
Providence, RI 02903

RE: RE: Damon Delcore, et al v. North American Family Institute, Inc.

Dear Pat:

We do not plan not accommodate the requests in your February 25, 2008 letter.

Very truly yours,

Kevin J. Holley

KJH:DMC

GUNNING & LAFAZIA, INC.

ATTORNEYS AT LAW

56 PINE STREET
PROVIDENCE, RI 02903
Tel: 401-521-6900
Fax: 401-521-6901

Writer's Direct Dial 401-521-2622
E-mail: kholley@gunninglafazia.com

April 30, 2008

Via Facsimile – two pages
(617) 737-3113

Richard Paterniti, Esq.
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110

RE: Damon Delcore, et al v. North American Family Institute, Inc.
C.A. No.: 08-45T

Dear Richard:

Pursuant to our telephone conversations concerning the pre-trial conference in this matter, I wanted to confirm that we have discussed the six areas listed on the pre-trial conference notice and are generally in agreement on the need to propound typical discovery, take factual and expert depositions, but there is some disagreement on the length of time needed for the discovery. You advised that you were not certain what Pat Jones would want as a discovery ending point. I advised that I needed at least nine months to perform the discovery.

Pursuant to your prior request, I did obtain information concerning the highlighted individuals in his correspondence of February 11, 2008. I have been advised that those individuals are the following:

Marisa Singleton, RN – Director of Nursing
42 Oak Hill Drive
Exeter, RI 02882

Lori Smith, RN
60 Ballston Street
Pawtucket, RI 02861

Candace Greene, RN
44 Riverside Avenue
Warwick, RI 02889

I also inquired into the insurance coverage available to my client and have been advised that there is a $1 million underlying policy with a $5 million umbrella policy. I look forward to meeting with you tomorrow morning with Judge Torres.

Very truly yours,

Kevin J. Holley

KJH:DMC

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com